CAUSE NO. 04-14-00041-CR

KYLE MILLER                    COURT OF APPEALS, FOURTH
VS.                           COURT OF APPEALS, DISTRICT
STATE OF TEXAS                 SAN ANTONIO, TEXAS

FILED IN THE COURT OF APPEALS AT SAN ANTONIO, TEXAS 2015 JUL 30 PM 1:24 KEITH E. HOTTLE, CLERK

---

MOTION CHALLENGING COURT RULING ON PRODUCTION OF THE
TRANSCRIPTS FROM MOTION HEARINGS AND MISTRIAL.

---

TO THE HONORABLE JUSTICES OF SAID COURT:

Comes now KYLE MILLER, Appellant Pro-Se in the above styled
and numbered cause on appeal and challenges the validity as well as integrity
of ruling/order to not provide mistrial transcripts from any phase, actual
trial and pre-trial motion hearings, and in support of said motion would
show this Honorable Court and Justices the following:

## I.

Appellant requests transcripts in the interest and pursuit of justice
via appeal, and must, as a matter of equal protection, provide indigent
prisoners/Appellant's with basic tools of adequate defense or appeal, when
those tools are available to others for a price. A state must provide an
indigent defendant with a transcript of prior proceedings when that
transcript is needed for an effective defense or appeal. Value of a transcript
of prior proceedings is recognized without requiring showing of need tailored
to facts. *Britt V. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed. 2d 400
U.S. N.C. 1971, Constitutional Law 92k 3227 (Formely 92k250.2(1)), Costs 102k
302.1, 102k302.1(1)(Formely 102k302).

## II.

Appellant requests transcripts as it is an established principle that
the State must, as a matter of equal protection, provide indigent prisoners
with adequate tools for an adequate defense or appeal, thus there is no
doubt of. See *Williams V. Oklahoma City*, 395 U.S. 458, 89 S.Ct. 1818, 23
L.Ed. 2d 440 (1969); *Griffin V. Illinois*, 351 U.S. 12 76 S.Ct. 585, 100 L.Ed.
891 (1956); *Ex Parte Adams*, 768 S.W. 2d 281, 293 (Tex. Crim. App. 1989); *United
States V. Bagley*, 473 U.S. 667, 682 (1985).

## III.

Appellant has no informal alternatives to obtain said transcripts and
does not bear the burden of proving inadequate such alternatives to
doing so as it's the responsibility of the State to produce said

1.

requested transcripts per the requirements of Rule 34.6(b) of the the Rules of Appellate Procedure.

## IV.

Appellant seeks mistrial transcripts and motion hearings as an explicit interest of justice to pursue meaningful and adequate citing's and discovery and citing of police perjury during both trial and hearings of motions. See _United States V. Cuffie_, 80 F. 3d 514, 517-19 (D.C. Cir. 1996); _Brady V. Maryland_, 373 U.S. 83, 87 (1963); _Kyles V. Whitley_, 514 U.S. 419 (1995). The Second Circuit has squarely held indigent state defendants have an absolute right free transcripts of previous prosecutions ending hung juries, _United States ex. rel. Wilson V. McMann_, 408 F. 2d 896 (CA 2 1969). See also _Roberts V. LaVallee_, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed. 2d 41 (1967). The Courts of Appeals in _Hardy V. United States_, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed. 2d 331 (1964), were ordered to order complete trial transcripts for indigent criminal defendants/appellants even for the preliminary purpose of determining whether their appeals might present non-frivolous questions for review and therefore entitle them to in forma pauperis relief pursuant to 28 U.S.C. s 1915. This is Appellant's sought request, as in criminal proceedings long experience has taught the Courts that often discovery will lead not to honest fact-finding, but on the contrary to perjury and the suppression of evidence.

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully moves this Honorable Court and Justices to obtain through the 175th District Court Reporter, the transcripts from hearing on October 8, 2013, as well as the mistrial that ended as such due to hung jury that took place from November 5, 2013, through November 12, 2013, as is available under Rules of Appellate Procedure, 34.6 (b), and non-compliance with said request violates Rules of Appellate Procedure 33.1 (1)(B) and constitutes a violation as 44.2 (a) outlines as such, and the Texas Constitution, Article 1 § 3, 3a, 10, and 19, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## CERTIFICATE OF SERVICE

I, hereby certify a true and correct copy of the foregoing instrument was delivered to the Fourth Court of Appeals, Criminal Justice Center, 300 Dolorosa, San Antonio, Texas, 78205.

## ORDER

On this _____ day of _____, 2015, came on to be heard Appellant's Motion Challenging Court Ruling on Production of the Transcripts from Motion Hearings and Mistrial and said motion is hereby

( ) GRANTED ( ) DENIED

Signed this the _____ day of _____, 2015.


_____
Justice Presiding

2.

KYLE MILLER #968194
BEXAR
200 N COMAL
SAN ANTONIO TX
78207

neopost™
07/24/2015
US POSTAGE $000.47¹

FIRST-CLASS MAIL
PRSRT

ZIP 78205
041M12259025

RETURN
SERVICE
REQUESTED

ATTN: Jonathan Quintero, DEPUTY CLERK

4th Court of Appeals
Criminal Justice Center
300 Dolorosa
San Antonio, Texas 78205

KEITH E. HOTTLE, CLERK

2015 JUL 30 PM 1:24

AT SAN ANTONIO, TEX.
4th COURT OF APPE

2024471365 152 FRCTNMP 78205